UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGEL RIVERA CRUZADA,

      Plaintiff,

v.                                                             Case No.  8:21-cv-96-SPF

KILOLO KIJAKAZI,
Commissioner of the Social
Security Administration,[1]

      Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

    **I.**    **Procedural Background**

Plaintiff filed applications for a period of disability, DIB, and SSI (Tr. 446, 450, 472).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 247, 252). Plaintiff then requested an administrative hearing. Per Plaintiff's request, the ALJ held a hearing on October 16, 2018, at which Plaintiff appeared and testified (Tr. 91-109).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, and is substituted as Defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 222-33). Subsequently, however, the Appeals Council granted Plaintiff's request for review and directed the ALJ to "further evaluate the severity of the claimant's combination of medically determinable mental impairments under the appropriate sections of the Listing of Impairments[.]" (Tr. 241-42). Consequently, pursuant to the Appeals Council's remand order, the ALJ held a second hearing on May 18, 2020 (Tr. 50-88), and afterwards issued an order again denying Plaintiff's claims for benefits (Tr. 21-39). Plaintiff appealed to the Appeals Council, which this time denied review (Tr. 1-8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born on October 8, 1975 (Tr. 94), claimed disability beginning July 21, 2011 (Tr. 21).[2] Plaintiff was raised in Puerto Rico and did not complete high school (Tr. 1135-36). His past relevant work was as a construction worker, floor worker, van driver, kitchen helper, and curing oven attendant (Tr. 37). Plaintiff alleged disability due to back problems, diabetes, high blood pressure, leg pain, trembling, neck arthritis, arthritis in spine, arthritis in hips, heart issues, anxiety, dizziness, high cholesterol, and stomach ulcers (Tr. 172).

---

[2] Plaintiff previously filed DIB and SSI applications on December 11, 2012, and an ALJ denied Plaintiff's claims in a written decision on October 27, 2014 (Tr. 124). The Appeals Council upheld the denial (Tr. 131). In this case, the ALJ properly evaluated Plaintiff's applications as of October 27, 2014 (rather than his alleged onset date of July 21, 2011), the date of the prior unfavorable hearing decision. *See* 20 C.F.R. §§ 404.1571 and 416.1571.

In rendering the administrative decision, the ALJ concluded that Plaintiff last met the insured status requirements on December 31, 2016 and had not engaged in substantial gainful activity from the date of the ALJ's prior unfavorable decision of October 27, 2014, through his date last insured of December 31, 2016 (Tr. 22). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, diabetes mellitus, neuropathy, obstructive sleep apnea, arthritis in his spine, neck, and hips, carpal tunnel syndrome, hypertension, obesity, gastritis, anxiety, schizoaffective disorder, post-traumatic stress disorder, and anti-social personality disorder (Tr. 24).

Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R.§§ 404.1567(b) and 416.967(b), with these limitations:

> He is limited to occasional balancing and frequent kneeling, crouching, and crawling. He would need to avoid concentrated exposure to workplace hazards, defined as moving mechanical parts and unprotected heights. He is limited to no more than frequent handling and fingering bilaterally. The claimant is limited to simple, routine tasks with no more than occasional interaction with the public. He is limited to a low stress environment, defined as no more than infrequent workplace changes where little decision-making would be required and conflict with others is not the primary function of the job.

(Tr. 27). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms

3

alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 27). The ALJ also found that Plaintiff is illiterate but able to communicate in English (Tr. 37).[3]

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work but could work as a garment bagger, marker, or laundry folder (Tr. 37, 38). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (*Id.*).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

---

[3] The ALJ noted that Plaintiff's testimony regarding his education level was inconsistent: he testified at his most recent hearing that he completed the 10th grade (Tr. 65), but he told a psychiatric evaluator at Gracepoint that he dropped out of school during the second grade (Tr. 1136).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397,

1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.   Analysis**

Plaintiff advances one argument: the ALJ erred in assessing his complaints of daytime somnolence (Doc. 20 at 6). The Commissioner responds that substantial evidence supports the ALJ's consideration of Plaintiff's subjective symptoms and limitations (*Id*. at 10).

The Eleventh Circuit has crafted a pain standard to apply to claimants who attempt to establish disability through their own testimony of subjective complaints. The standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (2)

6

that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When the ALJ decides not to credit a claimant's testimony as to his pain, he or she must articulate explicit and adequate reasons. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Social Security Ruling ("SSR") 16-3p cautions that "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 82 Fed. Reg. 49,462, 49,463 (Oct. 25, 2017). Adjudicators, as the regulations dictate, are to consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. (*Id.*) The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §§ 404.1529, 416.929. "Other evidence," again as the regulations define, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. §§ 404.1513, 416.913. Subjective complaint evaluations are the province of the ALJ. *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014).

Here, the ALJ relied on largely boilerplate language in assessing Plaintiff's subjective pain complaints:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

7

(Tr. 33). This language directly addresses the Eleventh Circuit's pain standard and is not improper *if* supported by substantial evidence. *See Danan v. Colvin*, 8:12-cv-7-T-27TGW, 2013 WL 1694856, at * 3 (M.D. Fla. Mar. 15, 2013).

Here, it is. First, the ALJ summarized Plaintiff's testimony that sleep apnea is his most limiting impairment, that he uses a CPAP machine every night, and that he nonetheless is still so tired during the day that he takes one- to two-hour naps three to four times per day (Tr. 28, 58-60). Plaintiff testified that he wakes up three or four times at night and struggles to get back to sleep (*Id.*). The ALJ also recounted that Plaintiff has insulin-dependent type 2 diabetes, which Plaintiff testified makes him sleepy and dizzy when his blood sugar levels are too high (Tr. 28, 62).

Next, Plaintiff reviewed the medical evidence. On December 3, 2014, Plaintiff reported to Elizabeth Warner, M.D. of Tampa General Hospital that his "[w]ife is concerned that he is snoring." (Tr. 715). He told Dr. Warner he had daytime sleepiness, but he denied memory problems, falling asleep while driving, irritability, and fatigue (*Id.*) A January 19, 2015 sleep study at TGH indicated Plaintiff had severe obstructive sleep apnea and hypersomnolence, and the sleep therapist who conducted the study recommended a CPAP machine (Tr. 720-23). Months later, a treatment note from Plaintiff's September 16, 2015 visit with TGH physician Eric Schilling, M.D. states: "Pt reports having been seen at TGH for desensitization and mask fitting. He was given a better fitting mask and is now more able to sustain nightly compliance." (Tr. 607).

From March 5, 2018 to August 20, 2019, Plaintiff was treated for sleep apnea by Leonard Cosmo, M.D. of Pulmonary Associates of Tampa (Tr. 1387-1402). Plaintiff

8

consistently complained to Dr. Cosmo of daytime hypersomnolence and snoring (*Id.*). Dr. Cosmo continued Plaintiff on CPAP therapy, performed breathing capacity tests, and monitored Plaintiff's blood oxygen levels (it consistently was in the normal range of 94-98%) (*Id.*). On April 23, 2018, Plaintiff told Dr. Warner at TGH that he wears his CPAP mask nightly and "[h]as more energy when he uses it." (Tr. 1256). A May 25, 2018 sleep study ordered by Dr. Cosmo indicated Plaintiff's obstructive sleep apnea was mild (Tr. 1311). And on August 20, 2019, Dr. Cosmo reported that Plaintiff had clear breath sounds bilaterally, a blood oxygen level of 96% on room air, and his breathing capacity tests were unremarkable (Tr. 1387-91).

Against this backdrop, substantial evidence supports the ALJ's decision to discount Plaintiff's subjective complaints of daytime hypersomnolence and fatigue. As outlined above, Plaintiff's sleep apnea was improving with conservative treatment. Additionally, the ALJ accounted for Plaintiff's sleep apnea and fatigue by formulating an RFC that permits no "concentrated exposure to workplace hazards, defined as moving mechanical parts and unprotected heights[,]" only "simple, routine tasks with no more than occasional interaction with the public[,]" and a "low stress environment, defined as no more than infrequent workplace changes where little decision-making would be required and conflict with others in not the primary function of the job." (Tr. 27). According to the ALJ, these limitations "account for [Plaintiff's] sleep apnea" and Plaintiff's "fatigue due to this condition," because "the medical evidence generally showed that [sleep apnea] was a mild

9

condition that responded favorably to CPAP usage[.]" (Tr. 35).  Notably, Plaintiff does not challenge his RFC formulation.[4]

At this point, the undersigned reiterates that, when reviewing an ALJ's decision, the Court's job is to determine whether the administrative record contains substantial evidence to support the ALJ's factual findings.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019).  "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.*  In other words, the Court is not permitted to reweigh the evidence or substitute its own judgment for that of the ALJ even if the Court finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  On this record, Plaintiff's argument fails.

## V.   Conclusion

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

---

[4] At the tail end of her argument, Plaintiff asserts that the ALJ "ignores other possible reasons for excessive daytime hypersomnolence such as coronary artery disease, side effects from medication, obesity, diabetes mellitus, individually and in combination." (Doc. 20 at 9). Plaintiff does not develop this with citations to record evidence or legal authority.  Consequently, the Court will not address this contention.  *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 859 n.1 (11th Cir. 2013), quoting *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on July 11, 2022.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE